**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DONALD OWENS, on behalf of plaintiff and the class members described herein, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| CAVALRY SPV I, LLC; CAVALRY PORTFOLIO SERVICES, LLC; and BLITT AND GAINES, P.C., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Donald Owens brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Cavalry SPV I, LLC ("SPV"); Cavalry Portfolio Services, LLC ("CPS"); and Blitt and Gaines, P.C. ("Blitt"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

### VENUE AND JURISDICTION

2.  This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3.  Venue and personal jurisdiction in this District are proper because:

    a.  Defendants' collection communications and activities impacted plaintiff within this District; and

    b.  Defendants do business within this District.

### PARTIES

4.  Plaintiff, Donald Owens, is a resident of Chicago, Illinois.

5. CPS is a limited liability company chartered under Delaware law with its principal place of business at 4050 E. Cotton Ctr. Bldg. 2, Suite 20, Phoenix, AZ 85040. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6. CPS is engaged in the business of a collection agency.

7. CPS holds a collection agency license under the Illinois Collection Agency Act.

8. The mails and telephones are used in connection with the collection of debts and prosecution of collection litigation by CPS.

9. CPS is a debt collector as defined in the FDCPA.

10. Defendant SPV is a limited liability company chartered under Delaware law with principal offices at 500 Summit Lake Dr., Suite 400, Valhalla, NY 10595-1340. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11. SPV acquires or claims to acquire charged-off consumer debts, which it then attempts to collect.

12. SPV is the plaintiff in hundreds of collection actions filed in Illinois courts. (Appendix A [last 1,000 Cook County filings], Appendix B [some 1,000 filings in 2015 in other Illinois counties])

13. These collection actions are managed by CPS.

14. Defendants use the mails and telephones in connection with these actions.

15. SPV is a debt collector as defined in the FDCPA.

16. Blitt is a law firm organized as a corporation under Illinois law. It has offices at 661 Glenn Ave, Wheeling, IL 60090.

17. Blitt is engaged in the business of a collections law firm.

18. Blitt regularly uses the mails and telephone system to collect alleged debts originally owed to others.

**FACTS RELATING TO PLAINTIFF**

19. On June 29, 2015, SPV sued plaintiff in case 2015-M1-114254 to collect an alleged credit card debt incurred, if at all, for personal, family or household purposes and not for business purposes. The lawsuit was filed at CPS's direction. Blitt was SPV's counsel. A copy of the complaint is in Appendix C.

20. According to an affidavit attached to the complaint (Appendix D), the credit card debt was charged off on April 30, 2009.

21. Credit cards and other "open end" receivables are required to be charged off when they are not more than 180 days past due. Federal Financial Institutions Examination Council, *Uniform Retail Credit Classification and Account Management Policy*, 65 Fed.Reg. 36903 (June 12, 2000). Absent death or bankruptcy, no bank charges debts off until they are at least 30 days past due. The actual date of default is therefore in late 2008 or early 2009.

22. No payments were credited after chargeoff.

23. The statute of limitations on a credit card in Illinois is five years. *Portfolio Acquisitions, L.L.C. v. Feltman*, 391 Ill.App.3d 642, 909 N.E.2d 876 (1st Dist. 2009); 735 ILCS 5/13–205.

24. The collection action was therefore barred by limitations, even considering just the time from chargeoff to the date of filing, much less the longer time between default and date of filing.

25. Defendants therefore did not have any sort of valid claim and knew or should have known that they did not have a valid claim.

26. The lawsuit was nonsuited in November 2015. (Appendix E)

27. Plaintiff incurred time and expense retaining counsel, appearing in, and defending the state court collection lawsuit, including payment of an appearance fee.

28. This is not the only recent case in which Cavalry sued on a time-barred debt. *Cavalry SPV I, LLC, v. Ian Armstrong*, 2015-M4-001249 (Cook Co. Cir. Ct.), is another.

29. Out of a random sampling of complaints defendants filed in 2015, 5% were time-barred. For the over 2,000 cases referenced in paragraph 12 of this complaint, that would equal 100 cases.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff incorporates paragraphs 1-28.

31. This claim is against all defendants.

32. The filing and prosecution of time-barred collection suits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f. *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1488 (M.D. Ala. 1987).

33. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

34. Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

35. Plaintiff brings this claim on behalf of 2 classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

36. The Cavalry class consists of (a) all individuals (b) sued in Illinois (c) by any Cavalry entity (d) on a credit card debt (e) which the last payment or activity had occurred more than five years prior to the suit (f) which suit was filed or served on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

37. The Blitt class consists of (a) all individuals (b) sued in Illinois (c) by Blitt (d) on a credit card debt (e) which the last payment or activity had occurred more than five years prior to the suit (f) which suit was filed or served on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

38. On information and belief, the class members are so numerous that joinder of all members is not practicable.

39. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants file suit on time-barred debts.

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

42. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights; and

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class

members and against defendants for:

      i.     Statutory damages;

      ii.    Actual damages;

      iii.   Attorney's fees, litigation expenses and costs of suit; and

      iv.   Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

43. Plaintiff incorporates paragraphs 1-28.

44. This claim is against defendants CPS and SPV.

45. Each defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

46. Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

47. Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".

48. By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

49. In addition, the 2007 amendments repealed the definition of "collection agency" contained in former §425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, <u>on behalf of himself or herself or others</u>, engages in debt collection." 225 ILCS 425/2 (emphasis added).

50. Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

51. 225 ILCS 425/8.6(a) provides that "Debt buyers initiating actions upon an

obligation arising out of a consumer debt shall be commenced within the applicable statute of limitations period."

52. Defendants violated the following provisions of 225 ILCS 425/9:

**. . . (28) Attempting or threatening to enforce a right or remedy with knowledge or - reason to know that the right or remedy does not exist. . . .**

## CLASS ALLEGATIONS

53. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

54. The class consists of (a) all individuals (b) sued in Illinois (c) by any Cavalry entity (d) on a credit card debt (e) which the last payment or activity had occurred more than five years prior to the suit (f) which suit was filed or served on or after a date 5 years prior to the filing of this action and on or before a date 21 days after the filing of this action.

55. On information and belief, the class members are so numerous that joinder of all members is not practicable.

56. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants file suit on time-barred debts.

57. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

58. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

59. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible; and

    b. Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.      Nominal, actual and punitive damages;

      ii.     Costs of suit; and

      iii.    Such other and further relief as the Court deems proper.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

60. Plaintiff incorporates paragraphs 1-28.

61. This claim is against defendants CPS and SPV.

62. Defendants engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by filing lawsuits on time-barred debts.

## CLASS ALLEGATIONS

63. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

64. The class consists of (a) all individuals (b) sued in Illinois (c) by any Cavalry entity (d) on a credit card debt (e) which the last payment or activity had occurred more than five years prior to the suit (f) which suit was filed or served on or after a date 3 years prior to the filing of this action and on or before a date 21 days after the filing of this action.

65. On information and belief, the class members are so numerous that joinder of all members is not practicable.

66. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants file suit on time-barred debts.

67. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

68. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

69. A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.      Individual actions are not economically feasible;

      b.      Members of the class are likely to be unaware of their rights;

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.      Actual damages;

      ii.      Punitive damages;

      iii.      Attorney's fees, litigation expenses and costs of suit; and

      iv.      Such other and further relief as the Court deems proper.

                                    <u>s/ Daniel A. Edelman</u>
                                      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Sarah M. Barnes
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


                                           s/ Daniel A. Edelman
                                           Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Daniel A. Edelman
Daniel A. Edelman